UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATTHEW E. ORSO, as successor
trustee to Kenneth D. Bell in his
capacity as court-appointed
receiver for Rex Venture Group, LLC,

    Plaintiff,

v.                                            Case No. 8:21-mc-106-TPB-CPT

KEVIN SIPE,

    Defendant.
_____/

## **O R D E R**

    Before the Court is a *Motion for Substitution of Plaintiff* filed by Nationwide Judgment Recovery, Inc. (Nationwide), as assignee of Plaintiff Matthew E. Orso, who is the successor trustee to Kenneth D. Bell in his capacity as the court-appointed receiver for Rex Venture Group, LLC. (Doc. 21). By way of its motion, Nationwide seeks an order substituting it for Orso as the named Plaintiff in this matter. *Id.*

    This action arises out of an August 14, 2017, Judgment entered by a court in the Western District of North Carolina in the amount of $127,763.72 in Bell's favor against a defendant class, including Defendant Kevin Sipe. (Docs. 1, 21). Orso was later appointed as the successor receiver in place of Bell, and then sold the final judgments—including the one against Sipe—to Nationwide. (Doc. 21).

In July 2021, Nationwide sought to register the Judgment against Sipe in this Court. (Doc. 1). According to Nationwide, the Clerk of Court required it to register the Judgment in Orso's name to reflect the caption on the Judgment. (Doc. 21). In March 2022, however, the court in the Western District of North Carolina amended the caption of the final judgment in the underlying case to replace Orso with Nationwide as the named plaintiff. (Docs. 12, 21-1 at 10).

Federal Rule of Civil Procedure 25 provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). Substitution under Rule 25(c) is a procedural mechanism that does not impact the substantive rights of the parties. *Matter of Covington Grain Co., Inc.*, 638 F.2d 1357, 1361 (5th Cir. 1981).[1] As such, a court has the discretion to substitute a party pursuant to Rule 25(c). *Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distrib. Co.*, 748 F.2d 602, 610 (11th Cir. 1984).

Based upon a similar set of circumstances to those present here, courts in this District have relied upon Rule 25(c) to substitute Nationwide as the party plaintiff for Orso in a number of related matters. *See, e.g.*, *Orso v. Nagibina*, 2022 WL 2159722, at *1 (M.D. Fla. June 15, 2022); *Orso v. Vasquez*, No. 8:21-mc-112-CEH-AEP, (Doc. 21) (M.D. Fla. June 8, 2022); *Bell v. Woods*, 2022 WL 428440, at *3 (M.D. Fla. Jan. 7,

---

[1] The Eleventh Circuit, in its *en banc* decision in *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), adopted as precedent the opinions of the former Fifth Circuit rendered prior to October 1, 1981.

2022), *report and recommendation adopted*, 2022 WL 425719, at *1 (M.D. Fla. Feb. 11, 2022).  Akin to these actions, a review of the evidence submitted in this case supports the conclusion that Nationwide is the party in interest as the assignee of the subject Judgment. (Docs. 21, 21-1).

Accordingly, it is hereby ORDERED:

1. Nationwide's *Motion for Substitution of Plaintiff* (Doc. 21) is granted.

2. The Clerk of Court is directed to amend the caption in this matter to substitute Nationwide Judgment Recovery, Inc. as the named Plaintiff.

SO ORDERED in Tampa, Florida, this 7th day of November 2022.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record

3